## Charlene E. VALYOU v. ESTATE of Robert R. VALYOU

[653 A.2d 764]

No. 93-598

October 27, 1994.

Plaintiff and her former husband were divorced in March of 1988. The final order and decree provided that plaintiff was to pay defendant one-half of the equity in the marital home when their youngest child turned eighteen, when the home was sold, or within one year of plaintiff's remarriage. After the divorce, plaintiff's husband remarried, and since the divorce, she has continued to reside in the marital home. In 1993, plaintiff's former husband committed suicide, and left a note to plaintiff which attempted to relinquish all claims that he had in the property. Based on this note, plaintiff moved to set aside the final property settlement under V.R.C.P. 60(b).

This case is controlled by our recent decision in *Boisselle v. Boisselle*, 162 Vt. 240, 648 A.2d 388 (1994). In *Boisselle*, we held that V.R.C.P. 60(b) does not permit the modification of a final judgment unless the property disposition is executory and subject to change in response to changed conditions, and that dispositions of property in divorce are not executory. *Id.* at 245, 648 A.2d at 391. We concluded that property disposition in divorce involves a fixed distribution of assets that vests rights in the parties, and therefore, prospective modification under Rule 60(b) is not applicable. *Id.*

In this case, plaintiff's former husband was granted a one-half equity share in the marital home, and this judgment cannot be set aside for changed conditions, despite his apparent attempt to alter this disposition through a suicide note. Accordingly, we find no error in the family court's decision.

*Affirmed.*